

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 0 2015

JAMES W. McCORMACK, CLERK
By_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRIS JENSEN,
an individual

       Plaintiff,

vs.

CASE NO: 4:15cv721-JM

THE HANGAR CLUB, d/b/a ELIXIR;
and COUNT PULASKI CLUB,
d/b/a THE ROXX CLUB;

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

      Defendants.

_____/

## COMPLAINT

Plaintiff, Chris Jensen ("Plaintiff") by and through the undersigned counsel, hereby files this

Complaint and sues The Defendants Clubs, d./b/a Elixir and Count Pulaski Clubs, d/a/ Jax Roxx for

injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with

Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA").

This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C.

§1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3.     Plaintiff, Chris Jensen (hereinafter referred to as "Jensen") is a resident of the State

of Arkansas and is a qualified individual with a disability under the ADA.  Jensen has what

constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA")

and all other applicable Federal statutes and regulations to the extent that he has a T10 spinal cord injury and requires a wheelchair for mobility.  Prior to instituting the instant action, Jensen visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 13 of this Complaint, which Plaintiff personally encountered.  Jensen continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, The Hangar Club, is a domestic corporation that is conducting business in the State of Arkansas.  Upon information and belief, The Hangar Club (hereinafter referred to as "THC") is the owner, lessee and/or operator of the real property and improvements that is one of the subjects of this action, specifically Elixir located at 7619 John Harden Drive, Cabot, Arkansas (hereinafter referred to individually as "Elixir").

5.      The Defendant, Count Pulaski Club is a domestic corporation that is conducting business in the State of Arkansas.  Upon information and belief, Count Pulaski Club (hereinafter referred to as "CPC") is the owner, lessee and/or operator of the real property and improvements that is one of the subjects of this action, specifically the The Roxx Club located at 1920 West Main Street, Jacksonville, Arkansas (hereinafter referred to individually as "Roxx" and jointly with Hangar as the "Clubs").

6.      Both Defendants (THC and CPC) are owned and operated by the same principal and share the same registered agent for service of process, namely David Violette.

7.      All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

8.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act

("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

9.      Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Clubs owned and/or operated by Defendants are places of public accommodation in that they are bars that are owned and operated by private entities that provide food and drink to the public.

10.     Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Clubs in derogation of 42 U.S.C §12101 *et seq*.

11.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Clubs owned and/or operated by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Clubs at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Clubs, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Clubs in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendants continuing, deliberate and knowing violations of the ADA.

12.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

13.     Defendants are in violation of 42 U.S.C. §12181 *et seq*. and 28 C.F.R. §36.302 *et seq*.

and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

### Elixir

(i)    The parking  designated as "accessible" is located on a gravel substrate that is not slip resistant and has a slope that is too steep for a wheelchair user;

(ii)    There is no slip resistant accessible route from the parking designated as "accessible" to the adjoining curb ramp;

(iii)    Both curb ramps provided are excessively steep;

(iv)    Wheelchair accessible toilet rooms are not provided for either gender;

(v)    The accessible toilet stall door is too narrow for a wheelchair user to enter in the men's toilet room;

(vi)    The accessible toilet stall in the men's toilet room is too narrow and too shallow for a wheelchair user;

(vii)    There is not sufficient maneuvering clearance between the lavatory and the toilet stall for a wheelchair user to enter the accessible toilet stall;

(viii)    The urinal is too high for a wheelchair user;

(ix)    The women's restroom entry door is too narrow for a wheelchair user to enter the toilet room;

(x)    There is no accessible seating provided in the bar and insufficient accessible seating within Elixir generally;

### Roxx

(xi)    There is no accessible or van accessible parking;

(xii)    The men's toilet room entry door has knob hardware that requires tight grasping and twisting of the wrist to operate;

(xiii)    There is no accessible signage for the toilet rooms;

(xiv)    The accessible toilet stall is too narrow and shallow for a wheelchair user to enter and close the stall door;

(xv)    There is insufficient clear floor space to open the toilet stall door all the way in the men's toilet room and limited space to open the door due to the position of the lavatory;

(xvi)    The urinal is too high for a wheelchair user;

(xvii)    There is no knee clearance at the lavatory for a wheelchair user;

(xviii)    The paper towel dispenser is out of reach for a wheelchair user;

    (xix)        There are no grab bars in the toilet stall;

    (xx)        There is insufficient accessible seating generally and no accessible seating provided at the bar;

    (xxi)        There is no ramp for a wheelchair user to access the karaoke stage.

13.     There may be other current barriers to access and violations of the ADA at the Clubs owned and operated by Defendants which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Clubs, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

16.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A.       That the Court declares that the property owned and administered by Defendant is violative of the ADA;

B.   That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.   That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.   That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 13th day of November 2015.


Respectfully submitted,

By: _____

Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E


**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:     (205) 822-2701
Facsimile:      (205) 822-2702
Email: ezwilling@szalaw.com